IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH MARTIN BOGGS,
        Plaintiff,

vs.                                  Case No. 3:12cv370/RV/CJK

MARIA IRENE LUCAS, et al.,
          Defendants.

---

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, a prisoner proceeding *pro se*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 15). Plaintiff paid the filing fee. (Doc. 10). Upon review of the amended complaint, the Court concludes that this case should be dismissed for plaintiff's failure to state a claim upon which relief may be granted.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at Blackwater River Correctional Facility. Plaintiff was confined at Okaloosa Correctional Institution at the time of the events giving rise to his complaint. Plaintiff's amended complaint names two defendants: Maria Irene Lucas, an Inspector with the Florida Department of Corrections ("DOC"), and Michael Crews, Secretary of the DOC. (Doc. 15, pp. 1-2). Plaintiff claims defendant Lucas violated his First Amendment right to access the courts on August 18, 2010, when Lucas confiscated a habeas corpus petition, a writ and a motion which plaintiff prepared and submitted

for mailing to the Circuit Court for Okaloosa County, Florida and to the Warden of Okaloosa Correctional Institution. (Doc. 15, Section IV "Facts"). Plaintiff alleges Lucas confiscated the documents because she "did not approve of the content(s) of the briefs". (*Id*.). Lucas indicated to plaintiff that she was forwarding the documents to the DOC for review. (*Id*.). Plaintiff claims Lucas' conduct violated his right of access to the courts and his right to due process. (Doc. 15, Section V "Legal Claims"). As relief, plaintiff seeks the return of his documents, nominal damages and any additional relief the court deems just, proper and equitable. (*Id*., Section VI "Prayer for Relief")

DISCUSSION

Because plaintiff is a prisoner, the Court is required to dismiss plaintiff's complaint if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. at 1968-69 (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a

claim).  The complaint is also subject to dismissal for failure to state a claim if the allegations – on their face – show that an affirmative defense bars recovery on plaintiff's claims.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*,  549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

Title 42 U.S.C. § 1997e provides, in relevant part:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). Exhaustion of all available administrative remedies is a mandatory pre-condition to suit.  *Booth v. Churner*, 532 U.S. 731, 739, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001); *see also Porter v. Nussle*,  534 U.S. 516, 524-25, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.").  The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  *Porter*,  534 U.S. at 524, 122 S. Ct. 983.  Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both.  *Booth, supra* at 734, 121 S. Ct. at 1825.  The requirement is not subject to waiver by a court, or futility or inadequacy exceptions.  *See Booth, supra* at 741 n. 6; *McCarthy v. Madigan*, 503 U.S. 140, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992) ("Where Congress specifically mandates,

exhaustion is required."); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998). A court must dismiss an action if satisfied that the plaintiff failed to properly exhaust his available administrative remedies prior to filing suit. *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000); *Alexander*, 159 F.3d at 1325-26.

The grievance procedures promulgated by the DOC require an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the Office of the Secretary. FLA. ADMIN. CODE r. 33-103.005 to 33-103.007; *see also Parzyck v. Prison Health Servs., Inc.,* 627 F.3d 1215, 1218 (11th Cir. 2010). If an inmate is filing an emergency grievance, he may bypass use of informal and formal grievances and begin his complaint with a direct grievance to the Central Office. *Id.* at r. 33-103.007(6)(a). If an inmate files a direct grievance with the Central Office, he must clearly state the reason for not initially bringing the complaint to the attention of institutional staff and for bypassing the formal grievance step to the institution. *Id.* Upon receipt of the direct grievance by the Central Office and following review of the grievance, if it is determined that the grievance is not an emergency grievance, the grievance must be returned to the inmate with the reasons for return specified and an advisement that the inmate resubmit his grievance at the appropriate level. *Id.*

The DOC's grievance procedures also establish time frames for inmates to file grievances. Direct grievances to the Central Office must also be received within fifteen (15) calendar days from the date on which the incident or action being grieved occurred. *See* FLA. ADMIN. CODE r. 33-103.011(1)(d). The grievance procedure provides for an extension of the time frames as follows:

> (2) An extension of the above-stated time periods shall be granted when it is clearly demonstrated by the inmate to the satisfaction of the

reviewing authority . . . or the Secretary that it was not feasible to file the grievance within the relevant time periods and that the inmate made a good faith effort to file in a timely manner. The granting of such an extension shall apply to the filing of an original grievance or when re-filing a grievance after correcting one or more deficiencies cited in Rule 33-103.014, F.A.C.

FLA. ADMIN. CODE r. 33-103.011(2). The deficiencies cited in Rule 33-103.014 include:

> (f) The inmate did not provide a valid reason for by-passing the previous levels of review as required or the reason provided is not acceptable. This evaluation is made on a case by case basis and the reasons for rejecting the complaint will vary with the facts alleged in the complaint.
>
> . . . .
>
> (n) A decision has already been rendered to an inmate by a particular office on the issue currently being grieved before it.

FLA. ADMIN. CODE r. 33-103.014(1). An inmate who has a grievance returned to him for reasons stated in subsections (f) or (n) may re-file utilizing the proper procedure, or correct the stated deficiency and re-file if, upon receipt of the notification, the filing is within allowable time frames. *Id.* r. 33-103.014(2). When a grievance is returned to an inmate for being improperly filed, the inmate shall be told why the grievance was returned and told that in order for him to receive administrative review of his complaint he must correct the defects and resubmit the grievance within the time frames set forth in r. 33-103.011, unless instructed otherwise in the grievance response. *Id.*

Plaintiff's amended complaint contains a Section IV, titled "Exhaustion of Remedies and Prior History". (Doc. 15, pp. 6-8). Plaintiff alleges that on August 23, 2010, he filed a direct grievance to the Central Office concerning Lucas' confiscation

of his legal materials. (*Id*. ¶ 23(a)). The grievance was assigned log number 10-6-27372. (Doc. 15, Ex. B). On September 3, 2010, the Central Office returned the grievance to plaintiff without action, explaining:

> NOTE: This grievance is not accepted as a grievance of an emergency nature.
>
> Your request for administrative appeal is in non-compliance with the Rules of the Department of Corrections, Chapter 33-103, Inmate Grievance Procedure. The rule requires that you first submit your appeal at the appropriate level at the institution. You have not done so or you have not provided this office with a copy of that appeal, nor have you provided a valid or acceptable reason for not following the rules.
>
> The institution should be given the opportunity to respond to your issue.
>
> Upon receipt of this response, you are allowed an additional 15 days from the date this response was mailed (date stamped in upper left corner) to resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure. Attach a copy of this response to your re-filed grievance.
>
> Based on the foregoing information, your grievance is returned without action.

(*Id.*). On September 6, 2010, plaintiff submitted an informal grievance to defendant Lucas concerning her confiscation of his legal documents. (Doc. 15, p. 7 ¶ 23(b) and Ex. C). Inspector Lucas responded on September 17, 2010, as follows:

> Your facts are false and inaccurate. The documents typed in the law library indicated your name as copywrited [sic]. This is in violation of the rules and regulations 33-601.314 and violates this regulation by 9-21 Fraud or Attempted Fraud. This is per DOC Legal Counsel. Eligible for a DR to be written. You stand corrected - no DR was written by anyone at my direction. I will write it.

(*Id.*). Defendant Lucas signed and dated her response. (*Id*.). The grievance form

provided plaintiff with information about how to appeal. (*Id*. ("If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.0006, F.A.C.")). Plaintiff did not appeal.

On or about May 9, 2011, plaintiff filed a § 1983 civil rights complaint against defendant Lucas in this Court, asserting the same claim he presents here – that defendant Lucas violated his right of access to the courts under the First Amendment when she confiscated plaintiff's legal mail containing his state habeas corpus petition and other documents. *See Boggs v. Lucas*, Case No. 3:11cv222/LC/CJK. Plaintiff filed an amended complaint on June 15, 2011. (*See* Case No. 3:11cv222, Doc. 6). This Court dismissed the action on April 23, 2012 for failure to state a claim upon which relief may be granted, because the allegations of and attachments to plaintiff's amended complaint established that plaintiff's claims were barred by the affirmative defense of plaintiff's failure to properly exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). (*See* Case No. 3:11cv222, Docs. 15, 19). The Court rejected plaintiff's argument that Lucas did not technically deny plaintiff's grievance and therefore he was not required to appeal. (*Id*.). Plaintiff did not appeal the dismissal of his civil rights action. Plaintiff filed the instant lawsuit three months later.

Plaintiff attaches to his present amended complaint grievances he filed in 2011 and 2012. On May 6, 2011, plaintiff filed an informal grievance complaining of Lucas' confiscation of his legal documents on August 18, 2010. (Doc. 15, Ex. D). The grievance was returned to plaintiff without processing on May 9, 2011, on the grounds that a decision had already been rendered at that level, and the grievance was filed beyond the time frames required by FLA. ADMIN. CODE r. 33-103.014(1). (*Id*.). After dismissal of plaintiff's Case No. 3:11cv222/LC/CJK, plaintiff filed another

informal grievance on May 16, 2012. (Doc. 15, p. 7 ¶ 23(d) and Ex. E). The informal grievance was returned to plaintiff without processing on May 17, 2012, with the following explanation: "Your Informal Grievance was submitted well outside of the required time frame specified in Chapter 33.103.[0]11(1)(a) 1 year and 4 months is not considered a 'reasonable amount of time.' Your grievance is being returned without action." (Doc. 15, Ex. E). On May 23, 2012, plaintiff filed a formal grievance with the institution. (Doc. 15, p. 7 ¶ 23(d) and Ex. E). The formal grievance was returned to plaintiff without processing on June 4, 2012, with the following explanation: "Response to your informal grievance log number 12-5-133 is correct. You have filed a grievance concerning an incident that occurred on August 18, 2010 (a year and 10 months ago) well beyond the required time frames provided in Chapter 33. Based on the above information your grievance is returned without processing." (Ex. E). Plaintiff appealed to the Central Office. (Doc. 15, p. 8, ¶ 23(d) and Ex. E). The appeal was returned to plaintiff without processing on July 2, 2012, with the following explanation: "Your administrative appeal to this office is in non[-compliance with Chapter 33-103, Inmate Grievance Procedure, because your grievance at the institutional level was determined to be in non-compliance with the requirements of the rule. Your request for administrative appeal is being returned without action." (Ex. E).

Plaintiff filed his original complaint in this case on July 26, 2012. (Doc. 1). The undersigned conducted a preliminary screening of the complaint under 28 U.S.C. § 1915A, noted several deficiencies in the complaint, including plaintiff's apparent failure to properly exhaust his administrative remedies, and issued an order requiring plaintiff to file an amended complaint. (Doc. 12). The undersigned warned plaintiff that if he had not properly exhausted his administrative remedies, his complaint would

be dismissed and he would receive another "strike". (Doc. 12, p. 5 (*citing* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(g)). Plaintiff was advised that he could avoid a strike by filing a notice of voluntary dismissal. Plaintiff requested that the Court return his filing fee (doc. 13) and, when the Court declined (doc. 14), plaintiff decided to press his claims by filing an amended complaint. (Doc. 15).

Plaintiff admits that all of the grievances he filed in 2011 and 2012 have been returned as untimely. (Doc. 15, p. 8 ¶ 23(f)). Plaintiff argues that his claims should nonetheless be allowed to proceed because his legal documents have not been returned to him (and therefore the alleged constitutional violation is "ongoing") and because he believes that the first grievance he filed directly with the Central Office "was proper where the issue was sensitive and an emergency due to pending court deadlines." (*Id.*).

Plaintiff's arguments should be rejected. The fact that plaintiff's legal documents have not been returned to him does not provide a basis to excuse or waive the exhaustion requirement. *See Booth, supra* at 741 n. 6; *McCarthy v. Madigan*, 503 U.S. 140, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998).

Plaintiff's second contention is without merit. The allegations of and attachments to plaintiff's amended complaint demonstrate that plaintiff knew, upon receiving the Central Office's response to his direct grievance, that the issue he wished to grieve did not qualify for consideration as a direct grievance to the Central Office and that to properly grieve the issue plaintiff must file a grievance at the institutional level. Plaintiff filed an informal grievance with defendant Lucas which was denied. Instead of following the proper procedure by filing a formal grievance,

plaintiff proceeded directly to this Court and argued that he was not required to utilize the remaining steps of the grievance process. This Court rejected that argument. *See Boggs v. Lucas,* Case No. 3:11cv222, Docs. 15, 19). Plaintiff's later attempts to grieve the issue were rejected for plaintiff's failure to comply with the agency's deadlines.

The PLRA's exhaustion requirement requires proper exhaustion through the administrative grievance procedure created by the agency (the Florida DOC), including compliance with the agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 2386, 165 L. Ed. 2d 368 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."); *Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005) (holding that § 1997e(a)'s exhaustion requirement contains "a procedural default component" – that is, prisoners must timely meet the deadlines or the good cause standard of administrative grievance procedures before filing a federal claim, and stating that without "the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies"); *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) (holding that "when a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit"); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (holding that a prisoner did not exhaust available administrative remedies where he

filed an untimely grievance without seeking leave, and failed to appeal the denial of his grievance); *accord Woodford*, 548 U.S. at 94 ("Requiring proper exhaustion . . . gives prisoners an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors. This is particularly important in relation to state corrections systems because it is 'difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons.'" (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 491-92, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973))).  Plaintiff's failure to properly exhaust his administrative remedies with respect to the constitutional claim(s) he raises here bars plaintiff from pursuing them in this action.

## CONCLUSION

It is apparent from the face of plaintiff's amended complaint and attachments that the affirmative defense of failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) bars recovery on plaintiff's claim(s).  This case should be dismissed

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915A(b)(1) for plaintiff's failure to state a claim upon which relief may be granted.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida this 8th day of May, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).